**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**GEREMIAS MEJIA-ORDONEZ,**

**Petitioner,**

**v.**

**MARKWAYNE MULLIN, et al.,**

**Respondents.**

**Civil Action No. 26-12948 (SDW)**

**OPINION**

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Geremias Mejia-Ordonez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Elizabeth Contract Detention Facility, New Jersey ("Elizabeth Facility"). (ECF No. 1).

2. Petitioner is a citizen of Guatemala. (ECF No. 5-1 at 1). He entered the United States on or about June 28, 2017. (*Id.*)

3. He was briefly detained at the border but was released on his own recognizance on July 20, 2017. (*Id.* at 2).

4. He was placed into removal proceedings, and an immigration judge ordered Petitioner removed *in absentia* on October 29, 2019. (*Id.*)

5. Petitioner was detained by ICE on September 30, 2026. (*Id.*)

6. Petitioner filed his Petition on October 2, 2026 arguing that ICE had not produced a warrant for his arrest as required by 8 U.S.C. § 1226(a). (ECF No. 1 at 6).

7. Respondents assert that Petitioner properly detained pursuant to 8 U.S.C. § 1231(a) because he has a final order of removal. (ECF No. 5 at 1-2).

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when he filed the Petition, and he asserts that his continued detention violates due process. Therefore, this Court has habeas jurisdiction over his claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

10. Petitioner was ordered removed on October 29, 2019. (ECF No. 5-2). He did not appeal that order, so the removal order is administratively final. Petitioner's detention is governed by § 1231.

11. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

12. "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the

[noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B).

13. Petitioner's removal order became administratively final on November 28, 2019. The removal period expired 90 days later on February 26, 2020. Accordingly, Petitioner's detention is no longer mandatory pursuant to § 1231.

14. After the mandatory detention period, § 1231 authorizes detention of a noncitizen subject to a final order of removal "for a period *reasonably necessary* to secure the [noncitizen's] removal." *Zadvydas*, 533 U.S. at 682 (emphasis in original). The presumptively permissible timeframe for post-removal-period detention is six months, and "[d]ue process rights may be implicated where ... there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701).

15. "Although the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas* presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

16. Petitioner has not argued that his removal is not reasonably foreseeable.

17. Accordingly, this Court will deny the Petition.[1] Any restrictions on Petitioner's location will be lifted.

18. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: October 27, 2026

[1] This Court notes that its decision is limited to the facts alleged in the Petition and expresses no opinion as to whether Petitioner may be able to make out a prolonged detention claim or other challenge to his detention in the future.